IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-02374-CMA-KLM
    (consolidated for all purposes with Civil Action No. 20-cv-02527-CMA-KLM)

KAT CONSTRUCTION MANAGEMENT, LLC,

    Plaintiff and Counterclaim Defendant,

AND

NORMAN KEITH WEBER and PHILIP WEBER,

    Counterclaim Defendants,

v.

LIBERTY INSURANCE CORPORATION,

    Defendant and Counterclaimant.

## ORDER

This matter is before the Court on Defendant's request for summonses to Philip Weber and Keith Weber (Docs. # 30, 31). Having reviewed the requested summons and the relevant pleadings, the Court orders as follows:

These consolidated cases arise from a hailstorm in 2018. (Case No. 20-cv-2374, Doc. # 1, ¶ 6; Case No. 20-cv-2527, Doc. # 1, ¶ 6). Janice and Richard Gardner claimed that their property was damaged in the storm, and they reported the damage to Defendant, their insurance carrier. (Case No. 20-cv-2374, Doc. # 1, ¶¶ 4-6; Case No. 20-cv-2527, Doc. # 1, ¶¶ 4-6). The Gardners then retained Plaintiff, a general

contractor, to handle the repairs. (Case No. 20-cv-2374, Doc. # 1, ¶¶ 4-6; Case No. 20-cv-2527, Doc. # 1, ¶¶ 4-6). At some point, the Gardners assigned their insurance claim to Plaintiff. Plaintiff now alleges that Defendant unreasonably delayed and denied payment of insurance benefits due under the relevant insurance policies. (Case No. 20-cv-2374, Doc. # 1, ¶¶ 33-42; Case No. 20-cv-2527, Doc. # 1, ¶¶ 37-46).

In its Answer (Doc. # 29), Defendant asserts counterclaims against Plaintiff. Defendant also seeks to add two new "Counterclaim Defendants" to the action: Philip Weber and Keith Weber ("the Webers"). The Webers are relatives of Plaintiff's owner who allegedly helped prepare Plaintiff's claim documents. Defendant alleges that the Webers "made false representations of fact to [Defendant] regarding the actual cost of repairs to the property." (Doc. # 29, ¶ 66). Defendant asserts claims for fraud and conspiracy against the Webers, (Doc. # 29, ¶¶ 65-81), and Defendant requests that the Court issue summonses to the Webers.

The Court does not have a summons form for counterclaims, as counterclaims are generally asserted against parties to a lawsuit, not against nonparties. *See* F.R.C.P. 13(a) ("A pleading must state as a counterclaim any claim that . . . the pleader has against an opposing party"). However, the Federal Rules of Civil Procedure provide that a Defendant may add a new party to the case and assert "counterclaims" against that new party. *See* F.R.C.P. 13(h) ("Rules 19 and 20 govern the addition of a person as a party to a counterclaim"); *see also* F.R.C.P. 20(a)(2) (persons may be joined as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrence or series

of transactions or occurrences").[1] Therefore, the Court will accept the Answer and Counterclaim (Doc. # 29) as filed. The Court has directed the Clerk of Court to prepare a modified summons form to meet Defendant's request, and the summons forms are attached to this order.

It is therefore ORDERED that Defendant's Answer and Counterclaim (Doc. # 29) are accepted as filed; it is

FURTHER ORDERED that the Webers shall be designated as counterclaim defendants on all future filings; it is

FURTHER ORDERED that before serving summonses on the Webers, Defendant shall obtain from the clerk issuance of a summons on the form shown in Exhibit A to this Order. The summons shall include a caption as shown in the caption of this Order.

DATED: January 6, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

[1] It would make intuitive sense to call these claims "third-party claims" rather than "counterclaims," as they involve claims against a third party. However, the rules define a third-party claim as one asserted against a nonparty "who is or may be liable to [defendant] for all or party of the claim against it." F.R.C.P. 13(a)(1)). This definition excludes claims, like the ones Defendant is asserting, that are not contained in the plaintiff's complaint. Therefore, such claims are properly labelled "counterclaims" in accordance with F.R.C.P. 13 and 20.